12 CV 04901

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Austin Obodai, an individual and d/b/a HEPTAD, <br><br> Plaintiff, <br><br> v. <br><br> Indeed, Inc. <br><br> Defendant. | COMPLAINT <br><br> & <br><br> DEMAND FOR JURY TRIAL |



NOW COMES the Plaintiff Austin Obodai ("HEPTAD" or "Obodai"), complaining as follows against Indeed, Inc. ("Defendant") and willingly alleges as follows:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to Title 17 U.S.C. § 501.

## PARTIES

2. HEPTAD is a party to this lawsuit and remains an active sole proprietorship founded in New York.

3. Defendant owns the commercial user-generated website Indeed.com ("www.indeed.com"), remains a party to this lawsuit and does business from 177 Broad Street, 6th Floor, Stamford, CT, 06901.

## ORIGINAL JURISDICTION

4. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and § 1338(a).

## VENUE

5. Defendant is subject to personal jurisdiction in New York under C.P.L.R. § 302(a)(1).

## FACTS

6. Twenty-seven "licensed" works of HEPTAD have been illegitimately displayed through a hyperlinked document *at* www.indeed.com. The works are of copyrightable subject matter pursuant to 17 U.S.C. § 102(a)(1).

7. Plaintiff owns all the twenty-seven licensed works and did not authorize their display on www.indeed.com.

8. January 31, 2011 is the effective registration date of the copyright certificate guarding the twenty-seven infringed licensed works kept by the United States Copyright Office. See the identified electronically-stored link to Exhibit A of the Judicial Notice.

9. The identified electronically-created link shown as part of the Judicial Notice's Exhibit B contains the relevant twenty-seven works Defendant distributed on the internet.

10. Obodai repeats and reaffirms the complete allegations set forth in paragraphs 1 through 9 above.

11. Section 106(5) affords Plaintiff the exclusive right to display all the works which were displayed on the internet by Defendant on Defendant's site without authorization from HEPTAD.

12. Defendant displayed unauthorized copies of all the twenty-seven copyrighted works by creating a hyperlink to a PDF document which showed Plaintiff's copyrighted works.

13. *Defendant displayed Plaintiff's works from its own site's servers.* Defendant made Plaintiff's works available to third-parties through a "download" button (displayable on the referenced web page of Exhibit B). Defendant offered to distribute or disseminate Obodai's works for purposes of further distribution by its own "email distribution button." Section 106(3).

14. Defendant has *willfully* engaged in the copyright infringement of all Plaintiff's licensed works by

2

derogating Plaintiff's exclusive rights under Section 106.

## CLAIMS FOR RELIEF

### COUNT I
### DIRECT COPYRIGHT INFRINGEMENT

15. Defendant has "wilfully" and "purposefully" committed direct infringement in violation of Plaintiff's exclusive right under Section 106(5) "by way of *displaying the accessible hyperlinked PDF document*" available at http://www.indeed.com/r/john-daniels/12e313ecafb42d94/pdf (on or from Defendant's own severs). Plaintiff's twenty-seven works were displayed by the embodied hyperlink rendered in this paragraph.

### COUNT II
### VICARIOUS COPYRIGHT INFRINGEMENT

16. Defendant controls the servers of the ad revenue-creating www.indeed.com, willfully committed vicarious copyright infringement and is liable for the infringing acts of its users. Defendant placed a "text link ad" to advertise or market its own "advertising service" alongside the infringement which damaged Plaintiff. Defendant infringed vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.

WHEREFORE, Obodai prays for judgment against Defendant as follows:

1. For a preliminary and permanent 17 U.S.C. § 502 enjoinment against Defendant and Defendant's employees, agents, officers, partners, servants, attorneys, licensees, successors and all persons acting by, via, through, with, for or under the Defendant, from indirectly or directly infringing the relevant works by using them in anyway which conflicts with Plaintiff's display right.

2. Award Obodai statutory damages for Defendant's willful infringements of all the twenty-seven works, pursuant to 17 U.S.C. § 504(c). *Alternatively*, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b) for actual damages.

3. Award Plaintiff pre- and post-judgment interest in accordance with applicable law.

4. Grant Plaintiff such other relief as this Court deems appropriate.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed: June 18th, 2012.

                                      Respectfully submitted,

                                      By: /s/ _Austin_____

                                      Austin Obodai d/b/a HEPTAD
                                      820 Boynton ave # 6b
                                      Bronx, NY, 10473
                                      *Pro se* Plaintiff